SUMMARY ORDER

Alion Woppa, a native and citizen of Mauritania, seeks review of an August 9, 2007 order of the BIA, affirming the November 29, 2005 decision of Immigration Judge (“IJ”) Sandy K. Horn, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Alion Woppa, No. A73 620 813 (B.I.A. Aug. 9, 2007), aff'g No. A73 620 813 (Immig. Ct. N.Y. City Nov. 29, 2005). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
The IJ’s determination was predicated upon its finding that Woppa’s testimony was not credible. That credibility, determination, however, is flawed. In finding Woppa not credible, the IJ relied on two purported inconsistencies that are not supported by the record. See Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).
First, the IJ found Woppa’s testimony that he was just a financial contributor to the Front Liberation for the Africans Mauritania (“FLAM”) and did nothing else for the organization was contradicted by his subsequent testimony that he participated in two FLAM demonstrations and attended several meetings. The record reveals, however, that Woppa testified that he “just gave [FLAM] money to participate.” Contrary to the IJ’s findings, this statement does not indicate that Woppa’s role was limited to financial contributions or that Woppa did not participate in meetings or demonstrations. Indeed, Woppa’s statement that he gave money “to participate” indicates that he did participate in FLAM activities. In fact, when asked about FLAM, he expressly stated that he participated in meetings and demonstrations.
Second, the IJ found Woppa’s claim that he was arrested and detained for seven months from April 1989 until November 1989 to be inconsistent with his later assertion that he was arrested only once in November 1989. The IJ based that finding on Woppa’s statement that he “was never arrested besides the day that we were taken out of the country.” Woppa’s statement, however, while perhaps confusing does not contradict his other statements. Woppa testified that he and his family were arrested in April 1989 at which time his family was taken to Senegal and he was held for seven months, until November 1989, at which time he joined his family. This is consistent with his statement that he was arrested only once. And while his statement that the arrest occurred when “we were taken out of the country” was slightly confusing, the “we” accurately referred to the rest of his family and arguably referred to himself as well insofar as the April arrest and departure to Senegal meant that he too no longer had a home in the country, as evidenced by his immediate departure to join his family in Senegal upon his release.
Because the IJ’s credibility determination was based on these two purported inconsistencies that were not supported by the record, we find that the credibility determination was flawed and remand for reconsideration. See Secaida-Rosales, 331 F.3d at 307. Because the BIA did not review the IJ’s alternate finding that Wop-pa found a “safe haven” in Senegal, we cannot review that finding. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1, 122 (2d Cir.2007).
Woppa failed to challenge before the BIA the IJ’s denial of his claim for relief under the CAT. Accordingly, we lack jurisdiction to consider any challenge to *545 the agency’s denial of his application for CAT relief, and dismiss the petition for review to that extent. See 8 U.S.C. § 1252(d)(1); see also Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006) (citing Beharry v. Ashcroft, 329 F.3d 51, 59 (2d Cir.2003)).
For the foregoing reasons, the petition for review is GRANTED in part and DISMISSED in part. The decision of the BIA is VACATED and REMANDED for further proceedings not inconsistent with this opinion.